FILED
SUPERIOR COURT
OF GUAM

2019 MAR 29 AM 11: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIA D. DEGUZMAN,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARDO P. LOTOC,<br><br>Defendant. | Superior Court Case No. **CS0198-17**<br><br>**DECISION AND ORDER AFFIRMING THE OCTOBER 12, 2018 RECOMMENDED FINDINGS & ORDER** |

The Attorney General filed this action on behalf of Maria D. DeGuzman, the maternal grandmother of the minors. The Complaint (which is unverified) alleges that DeGuzman has custody of the minors in the Philippines where she resides.

Bernardo P. Lotoc moved to dismiss this action on the basis of lack of personal jurisdiction. The Administrative Hearing Officer ("AHO") recommended the denial of the Motion. Recommended Findings & Order (Oct. 12, 2018) ("RF&O"). The RF&O determined that the Attorney General has standing to bring an action for child support on behalf of a non-resident. RF&O at 4. Because DeGuzman sought the services of the Attorney General, the requirements of her consent have been satisfied. RF&O at 4.

Lotoc timely objected to the RF&O. He objects that (1) the AHO erred in finding that DeGuzman had custody of the children; (2) he is denied due process by his inability to challenge the representation that DeGuzman had custody of the minors; (3) it was erroneous to find that DeGuzman consented to jurisdiction. Def.'s Objs. (Oct. 22, 2018).[1]

---

[1] The Court granted the parties a further opportunity to brief the objections, but Lotoc did not file a brief and the Attorney General filed an untimely one.

ORIGINAL

In his first objection, Lotoc complains that the AHO "failed and erred, as a matter of fact and law, in finding 'that the Plaintiff Maria resides with the two minors in the Philippines.'" Def.'s Objs. at 1. However, that excerpt is taken out of context. The AHO stated: "Paragraph three of the Complaint alleges that the Plaintiff, Maria, resides with the two minors in the Philippines. This has not been denied." RF&O at 3. Based on this closer review of the RF&O, the AHO makes no finding as to Maria's or the minors' residence but rather notes that the Complaint makes such an allegation and Lotoc fails to dispute it. The AHO did not make an error in this observation as this Court has verified that the record shows Lotoc has not disputed this allegation.

Under his second objection, Lotoc contends that the AHO erred in finding DeGuzman had or has custody over the minors and claims he is denied due process because he cannot cross-examine DeGuzman. However, the excerpt referenced by Lotoc (Def.'s Objs. at 4 ¶ 2) does not contain a finding concerning DeGuzman's custody over the minors. The AHO references the Attorney General's argument that DeGuzman applied for services, which allowed the Attorney General to initiate this action. This argument is therefore unsupported.

Finally, Lotoc objects to the AHO' failing to apply 5 GCA § 35201 to DeGuzman. Section 35201 states:

> In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this state may exercise personal jurisdiction over a nonresident individual . . . if (1) the individual is personally served with summons or notice within Guam; (2) the individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

ORIGINAL

The AHO did not err in applying section 35105 rather than 35201 to DeGuzman. Section 35105 extends the Uniform Interstate Family Support Act (Title 5, Chapter 5) to actions involving an obligee or child in a foreign country. Section 35201, on the other hand, discusses the exercise of jurisdiction over defendants in a child support action. For example, section 35201(1) discusses service, section 35201(2) addresses filing responsive pleadings, and other subsections cover actions a party took in Guam that would be consistent with exercising personal jurisdiction. When read together, these provisions clarify that section 35201 concerns jurisdiction over a defendant, not a plaintiff. In other words, these provisions may be utilized to analyze jurisdiction over Lotoc, but not over DeGuzman as the plaintiff. In disregarding this provision, the AHO made no error.

The Court therefore OVERRULES the Objections and AFFIRMS the October 12, 2018 Recommended Findings and Order.

SO ORDERED this 28th day of March 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of:
(Child Support)
J. Arriola Jr.
Date 3/29/19 Time 12pm

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Elisabeth T. Cruz for Maria D. DeGuzman
Joaquin C. Arriola Jr., Arriola, Cowan & Arriola, for Bernardo P. Lotoc

ORIGINAL